IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.                                                                          Criminal No. 10-777-WJ

**LUIS CARLOS VASQUEZ BARRAGAN**,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING REQUEST FOR COMPASSIONATE RELEASE

**THIS MATTER** comes before the Court upon inmate Luis Carlos Vasquez Barragan's pro se[1] Motion for Compassionate Release (**Doc. 96**). The United States filed a Response in Opposition (**Doc. 99**). Barragan then filed a Reply (**Doc. 100**).[2] The Court, having reviewed the pleadings and applicable law, concludes the circumstances presented do not rise to the extraordinary and compelling level required by statute. As such, his request for a compassionate release is **DENIED**.

### BACKGROUND

The Court doesn't dive deep into the underlying crimes or procedural history here. That's already been discussed at length before. *See* **Doc. 94**. What matters is Barragan pleaded[3] guilty to

---

[1] Because Barragan appears *pro se*, the "rule of liberal construction" applies—meaning the Court must construe his pleading generously (without, however, assuming the role of advocate). *United States v. Hernandez*, 627 F.3d 1331, 1335 (10th Cir. 2010) (Holmes, J.).

[2] The Court construes Barragan's latest filing as a Reply (even though it is stylized as a "Motion to Grant Relief" due to the "Governments [sic] Failure to Respond.").
    The United States' Response was due on March 29, 2025. *See* **Doc. 98**. And it was filed on the 28th. *See* **Doc. 99**. So it is timely.

[3] Of note, as part of the Rule 11(c)(1)(C) plea agreement, Barragan waived: (1) the right to appeal the denial of any § 3582(c)(1)(A) motion, and (2) waive any collateral attack to his conviction and sentence under §§ 2241, 2255, or other extraordinary writ. *See* **Doc. 64 at ¶ 21**.

1

drug-trafficking crimes, *see* **Doc. 64**, and was sentenced to 91 months' incarceration. **Doc. 85**. Judgment was entered on November 28, 2022. ***Ibid.***

Since then, Barragan filed a *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821. *See* **Doc. 89 & 93**. That motion was denied. *See* **Docs. 94 & 95**. Now, Barragan moves for a "compassionate release and/or reduction in sentence." **Doc. 96**.

## LEGAL STANDARD

Normally, federal courts cannot modify a term of imprisonment. *See United States v. Smith*, 238 F. App'x 356, 358 (10th Cir. 2007) (unpublished) (Gorsuch, J.). One such exception to this rule is 18 U.S.C. § 3582(c)(1)—so called "compassionate release." This provision allows an inmate to move for compassionate release after exhausting administrative remedies.

In considering a motion for compassionate release, a district court is required to:

> (1) find whether extraordinary and compelling reasons warrant a sentence reduction; (2) find whether such reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) consider any applicable 18 U.S.C. § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case.

*United States v. Bradley*, 97 F.4th 1214, 1217 (10th Cir. 2024) (cleaned up); *see also United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

Granting a motion for compassionate release requires the district court to "'address all three steps.'" *United States v. Hald*, 8 F.4th 932, 938 (10th Cir. 2021) (Hartz, J.) (quoting *McGee*, 992 F.3d at 1043). Conversely, a district court may deny compassionate release when any of the prerequisites are lacking and need not address the others. *See id.* (citing *McGee*, 992 F.3d at 1043).

DISCUSSION

**I. Barragan's Request for Compassionate Release**

In his motion, Barragan lists four justifications for his compassionate release: (1) family circumstances, (2) his health, (3) disparity in sentencing, and (4) rehabilitation. **Doc. 96 at 6–19**. The United States counters, arguing: (1) Barragan did not exhaust his administrative remedies, (2) the reasons are not extraordinary and compelling, and (3) the § 3553(a) factors do not support compassionate release. *See* **Doc. 99 at 7–15**.

**A.** *Exhaustion of administrative rights*

For starters, Barragan did not exhaust his administrative remedies. Neither Barragan's Motion nor his Reply provide any proof of exhaustion. Rather, it is the United States that provides proof that no Bureau of Prisons records were ever generated by Barragan requesting a compassionate release. *See* **Doc. 99-1**. The Court finds that Barragan has not exhausted his administrative rights.

Importantly, the United States argues exhaustion. *See* **Doc. 99 at 4–8**. And, in the Tenth Circuit, this exhaustion requirement is a "mandatory claim-processing rule" that must be enforced whenever it's invoked. *United States v. Gieswein*, 2021 U.S. App. LEXIS 31302, at *2 n.2 (10th Cir. Oct. 19, 2021) (unpublished) (citing *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021)). Barragan's motion could be denied on this basis alone. Nevertheless, the Court proceeds to the merits—next explaining why the reasons presented are not "extraordinary and compelling."

**B.** *Absence of extraordinary and compelling reasons*

Starting with the first reason listed—Barragan's family circumstances—the Court reasons this is not extraordinary or compelling. According to Barragan, his father has "severe health

3

conditions" and is completely dependent on him for daily care. **Doc. 96 at 7–8**. This is incorrect. As the United States points out, Barragan "has been continuously incarcerated since his arrest in July 2010" meaning that his father is not (nor cannot be) dependent on him for daily care. **Doc. 99 at 9**. To the extent Barragan claims his "additional family responsibilities" (*i.e.*, that "[h]is wife . . . and daughter . . . also rely on his presence and support"), that is equally unpersuasive. *Id.* **at 8**. Although his desire to be with his family is "laudable," it is not extraordinary and compelling. **Doc. 99 at 10**; *see United States v. Edelen*, 2023 U.S. App. LEXIS 9148, at *5–6 (10th Cir. Apr. 18, 2023) (unpublished).

Barragan's health problems are not "severe" either. **Doc. 96 at 7**. He has routine ailments—such as high blood pressure and cholesterol. *Id.* He also had COVID-19. *Id.* But it cannot be said that these are extraordinary or compelling. The medical records show he has no restrictions and that he is prescribed medication. *See* **Doc. 99-2**. Compassionate release does not extend to inmates with non-terminal well-managed health conditions. *See United States v. Wayt*, 2024 U.S. App. LEXIS 18961, at *1–5 (10th Cir. July 31, 2024) (unpublished); *see also United States v. Thompson*, 984 F.3d 431, 434–35 (5th Cir. 2021) (affirming denial of compassionate release to a defendant with medically controlled high blood pressure and high cholesterol, and a history of stroke).

Next, Barragan claims "that sentencing for the crimes charged against him in 2005 are disparate when compared to sentencing now." **Doc. 96 at 9**. But there was no such "disparity in sentencing." *Id.* His Guideline range was 168–210 months. **Doc. 70 at ¶ 54**. And he pleaded guilty to a specific sentence of "up to 205 months." **Doc. 64 at ¶ 11a**. The sentence imposed reflected a "downward departure of 3,447 days" based on his time in Mexican prison. **Doc. 88 at 4:1–15 &**

**5:24–6:8**.[4] The sentence imposed was more than 110 months below the Guidelines. *Compare* **Doc. 70 at ¶ 54**, *with* **Doc. 85**. Barragan did not show that there was any sentencing disparity here.

Finally, rehabilitation alone cannot be the reason for granting a compassionate release. No doubt, Barragan lists other reasons in his motion—so rehabilitation isn't the sole reason for the request. Even so, the other justifications are without merit. Thus, his rehabilitation—even when coupled with these other proffered reasons—is not extraordinary and compelling. *See* **Doc. 99 at 4–5** (citing 28 U.S.C. § 994(t)).

* * *

Whether viewed alone, or in combination, the Court concludes the circumstances presented failed to qualify as extraordinary and compelling warranting compassionate release.

### C. *Applicable policy statements*

The Sentencing Commission's policy statements lend further support for denial. The policy statement for compassionate release lists six circumstances that qualify as "extraordinary and compelling reasons." *See* USSG §§ 1B1.13(b)(1)–(6). Relevant here are subparagraphs (b)(1), (b)(3), and (b)(6). *See* **Doc. 96 at 6–19** (listing the reasons for compassionate release as (1) family circumstances, (2) his health, (3) disparity in sentencing, and (4) rehabilitation).

### 1. Barragan's medical circumstances under USSG § 1B1.13(b)(1)

Given the "end-of-life" or terminal precondition in the policy statement, it is clear that compassionate release for medical conditions is to be treated as a rare event. *See United States v. Kristich*, No. 18-cr-2635, 2024 U.S. Dist. LEXIS 152097, at *7 (D.N.M. Aug. 23, 2024) (first citing *United States v. Willis*, 382 F. Supp. 3d 1185, 1188 (D.N.M. 2019) (Johnson, C.J.); then citing *Ward v. United States*, 11 F.4th 354, 358 n.2 (5th Cir. 2021)).

---

[4] After subtracting the 3,447 days in Mexican prison from his 205-month sentence here (by way of a downward departure), *see* USSG § 5G1.3, the resulting sentence was 91 months. *See* **Docs. 85 & 88**.

A review of Barragan's medical records indicate he currently suffers from: high blood pressure (hypertension), high cholesterol (hyperlipidemia), and chronic kidney disease. *See* **Doc. 99-2**; *see also* **Doc. 96 at 7**. But none of these conditions are terminal or have an end-of-life prognosis. *See* USSG § 1B1.13(b)(1)(A). Nor is Barragan suffering from a serious physical condition or serious functional impairment. USSG § 1B1.13(b)(1)(B). He has "no restrictions" on housing—and simply needs follow-up care. **Doc. 99-2 at 3**. The medical records do not show that Barragan needs "long-term or specialized" care either. *See* USSG § 1B1.13(b)(1)(C).

The Court is not making light of Barragan's medical conditions. Instead, the Court is explaining why his medical ailments are not of the extraordinary and compelling nature contemplated by the Sentencing Commission's policy statement.

### 2. Family circumstances under USSG § 1B1.13(b)(3)

The following family circumstances are considered extraordinary and compelling:

(A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
(B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
(C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
(D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

USSG § 1B1.13(b)(3)(A)–(D). Here, Barragan claims that compassionate release is appropriate because he needs to take care of his elderly father. *See* **Doc. 96 at 7–8**. This request falls outside the scope of USSG § 1B1.13(b)(3). That's because Barragan admits that he is "one of the

caregiver[s]" (**Doc. 96 at 5–6**; **Doc. 100 at 5**) for his father—not the ***only*** available caregiver. *See* USSG § 1B1.13(b)(3)(C); *see also United States v. Pepper*, 851 F. App'x 890, 891 (10th Cir. 2021) (unpublished) (affirming the district court's conclusion that "[p]etitioner's desire to care for his aging parents and their farm did not constitute an extraordinary and compelling reason").

Moreover, a desire to support his wife and daughter do not fit into USSG § 1B1.13(b)(3). His daughter is an adult. *See* **Doc. 96 at 7**. Nothing in the motion supports his request for granting compassionate release based upon his wife's and/or daughter's circumstances. Barragan's desire to be present and support his dependents (**Doc. 96 at 8**) does not fit into USSG § 1B1.13(b)(3). The Guidelines do not contemplate release for such mundane matters.

### 3. Sentencing disparity under USSG § 1B1.13(b)(6)

Barragan appears to argue that his sentence was excessive (**Doc. 96 at 9**). The Court construes this paragraph as an invocation of USSG § 1B1.13(b)(6).[5] But this gets him nowhere. There has not been "a change in the law" that "produce[s] a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion [was] filed." USSG § 1B1.13(b)(6).

The one case Barragan cites is *United States v. Capps*, No. 11-cr-108, 2024 U.S. Dist. LEXIS 20086 (E.D. Mo. Jan. 31, 2024). *See* **Doc. 96 at 10**. There, the district court granted a sentence reduction for an unusually long sentence. But Capps was serving "a mandatory life sentence for a non-violent drug offense," which "had Capps been sentenced today, he would have been sentenced to a vastly shorter term of imprisonment." *Id.* at *1–2. Capps had also served "more than 12 years" of his sentence. *Id.* at *2.

---

[5] The Court construes the section titled "Disparity in Sentencing" as Barragan's way of arguing he received an unusually long sentence. Even so, aside from this passing reference to sentencing disparities Barragan does not articulate how this policy statement supports his request.

Barragan is not in the same boat. At sentencing, Barragan's offense level was 35 and his Guideline imprisonment range was 168–210 months. *See* **Doc. 70 at ¶ 54**. Applying those paraments today, the advisory Guidelines range remains the same. And as the Court previously explained in its Amendment 821 Memorandum Opinion and Order (**Doc. 94**), Barragan is ineligible for relief under USSG § 4C1.1 because "he possessed a firearm in connection with his offense and was the leader and organizer of illegal drug trafficking activity." *Id.* **at 3**. Moreover, the sentence imposed here (**Doc. 85**) was under 10 years—meaning he cannot satisfy USSG § 1B1.13(b)(6)'s requirement of "ha[ving] served at least 10 years."

Given the perfunctory manner in which this argument was raised, no further discussion is needed. *Cf. United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) (en banc).

### 4. Other Reasons under USSG § 1B1.13(b)

As a catchall, Barragan cites to USSG § 1B1.13(b)(5)—the "other reasons" clause. *See* **Doc. 96 at 6–7**. But his justification for deploying this subsection is merely a conglomeration of the reasons listed above. In Barragan's view, his health plus his father's health plus the need to support his family result in an extraordinary and compelling reason. This is incorrect.

Subsection (b)(5) cannot be used as a workaround for specific sections. *See United States v. Pickard*, No. 00-cr-40104, 2024 U.S. Dist. LEXIS 31697, at *7–8 (D. Kan. Feb. 23, 2024) (Crouse, J.) (explaining (b)(5)'s "other reasons" cannot be used to "bootstrap" results that would undermine the compassionate release statutes); *United States v. Smith*, 729 F. Supp. 3d 1308, 1318 (S.D. Fla. 2024) (noting that subsection (b)(5) is a limited catch-all); *United States v. Thomas*, No. 18-cr-20526, 2025 U.S. Dist. LEXIS 57521, at *7 (E.D. Mich. Mar. 27, 2025) (rejecting an inmate's an argument for "unwarranted sentencing disparity" under (b)(5)); *cf. United States v. Colon*, 2024 U.S. App. LEXIS 21935, at *3 (7th Cir. Aug. 29, 2024) (unpublished) (noting that

8

(b)(5) cannot be used to lower (b)(6)'s 10-year requirement). Indeed, the subsection states that there must be "other circumstance[s] . . . similar in gravity." USSG § 1B1.13(b)(5). The justifications presented by Barragan were not extraordinary and compelling under (b)(1), (b)(3), and (b)(6). Nor are they extraordinary and compelling under (b)(5).

\* \* \*

In sum, the Court finds Barragan's requested reduction is inconsistent with applicable policy statements issued by the Sentencing Commission. This, yet again, supports denial of his motion.

### D. *Section 3553(a) factors*

Because the Court determined that Barragan did not present extraordinary and compelling reasons for compassionate release, analysis under § 3553(a) is not required. Nevertheless, the Court (briefly) discusses why the sentencing factors don't support compassionate release.

First, the nature and circumstances of the offense are particularly serious. Barragan was a leader in a drug-trafficking organization where he supervised cartel operations. *See* **Doc. 70 at ¶¶ 16, 33, 50, 70**. Second, the need to promote respect for the law also counsels against compassionate release. Given the below-Guidelines sentence imposed, the Court agrees with the United States that "it is important that Defendant serve the entirety of his sentence." **Doc. 99 at 14**. Third, with respect to deterrence, Barragan needs to see that breaking the law has consequences. As it stands, the Court is concerned that prison has not deterred Barragan from engaging in illegal activities. *See* **Docs. 99-3 & 99-4**; *see also Concepcion v. United States*, 597 U.S. 481, 502 (2022) (a district court is not required to accept an inmate's argument regarding rehabilitation).

Here, the § 3553(a) factors do not support Barragan's request for a compassionate release.

**II. Potential Habeas Issues**

A few ancillary points raised by Barragan deserve some additional discussion. *See, e.g.,* **Doc. 96 at 11–13 & 16–18**; **Doc. 100 at 15–21**.

In the section titled: "Hardship and Inhumane Treatment," **Doc. 96 at 11–12**, Barragan cites to two cases from the Court of Appeals for the Second Circuit that stand for the proposition that pre-sentence confinement conditions may warrant a downward departure. *Id.* **at 12–13** (first citing *United States v. Carty*, 264 F.3d 191, 196–97 (2d Cir. 2001); then citing *United States v. Sanpedro*, 352 F. App'x 482, 486 (2d Cir. 2000) (unpublished)). The Court is not sure what to make of these complaints about his time in Mexican prison.

It seems that this line of argument could be properly brought as a § 2255 habeas petition attacking the sentence. But Barragan expressly waived his right to any such collateral attack in his plea agreement. *See* **Doc. 64 at ¶ 21**. The Court advised Barragan of this provision during his plea hearing. *See* **Doc. 65**. And Barragan was advised of the waiver again at sentencing. *See* **Doc. 88 at 7:25–8:2**.

If the United States moved[6] to enforce the waiver, the Court would necessarily conclude that the waiver is enforceable and Barragan's claim under § 2255 is barred. *Cf. United States v. Snider*, 504 F. App'x 674, 675–76 (10th Cir. 2012) (unpublished) (Holmes, J.) (dismissing a § 2255 motion as "barred by [the] plea-agreement waiver" and denying a certificate of appealability).

---

[6] Generally speaking, "the government can forfeit waivers by failing to enforce them." *United States v. Lopez-Aguilar*, 912 F.3d 1327, 1329 (10th Cir. 2019) (citation omitted). But here, the United States did not have an opportunity to assert the waiver—because the Court is construing Barragan's "compassionate release" as raising a potential § 2255 issue. Nowhere in the briefing is § 2255 raised explicitly.

No doubt, the Court could order additional briefing on the matter—at which point the United States would move to enforce the waiver. At that point, Barragan would either: (1) overtly seek habeas relief, or (2) retreat from his habeas-related positions and couch them squarely under compassionate release. As explained *infra* ¶ II, both options are a waste of judicial resources.

\* \* \*

Barragan also argues that he should receive First Step Act credits. *See* **Doc. 96 at 13 & 16–19**. But his status as an illegal alien makes him ineligible for such credit. *See* 18 U.S.C. § 3621. It also makes him ineligible for the "home confinement" he requests. *See* **Doc. 96 at 17**.

Courts have routinely held that "there is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release from confinement." *United States v. Tamayo*, 162 F. App'x 813, 816 (10th Cir. Jan. 11. 2006) (per curiam); *see also Builes v. Warden Moshannon Valley Corr. Ctr.*, 712 F. App'x 132, 134 (3d Cir. 2017); *Gallegos-Hernandez v. United States*, 688 F.3d 190, 196 (5th Cir. 2012); *McLean v. Crabtree*, 173 F.3d 1176, 1185–86 (9th Cir. 1999).

This Court declines to discuss the merits of this § 2255-related claim any further. When, like here, it "plainly appears . . . that the moving party is not entitled to relief," the Court "must dismiss" the motion. *See* Habeas Corpus Rule 4(b).

\* \* \* \* \*

If Barragan's compassionate release motion was construed (in part) as a § 2255 petition, the United States would then move to enforce the waiver—arguing that: (1) the § 2255 claims fall squarely within the scope of his waiver, *see* **Doc. 64 at ¶ 21**, (2) Barragan's signature on the plea agreement containing the waiver—coupled with the Court's oral admonishment—makes clear that the waiver was knowing and voluntary, and (3) enforcing the waiver would not result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). At that point, the Court couldn't help but conclude Barragan waived his right to collaterally attack his conviction and sentence. And the collateral attack waiver would be enforced.

There can be no debate among reasonable jurists that Barragan's arguments fall within the scope of his collateral attack waiver and the waiver is enforceable. Much the same, there can be no debate among reasonable jurists that Barragan's § 2255 claims are untimely and, therefore, procedurally barred.[7] No matter the rationale, to the extent his arguments might be construed as a post-conviction collateral attack, any would-be § 2255 motion by Barragan is barred. *See United States v. Triplett*, 402 F. App'x 344, 348 (10th Cir. 2010) (unpublished); *cf. United States v. Chatwin*, 60 F.4th 604, 605–09 (10th Cir. 2023) (discussing the scope of collateral-attack-waivers).

## CONCLUSION

Because Barragan is proceeding pro se, the Court construed each of his arguments liberally. After so doing, the Court concludes: (1) Barragan did not exhaust his administrative remedies, (2) his circumstances presented do not rise to an extraordinary and compelling level, (3) the Sentencing Commission's policy statements cut against him, and (4) the § 3553(a) factors weigh heavily against granting his request.

**IT IS THEREFORE ORDERED** that:

(1) Barragan's Motion for Compassionate Release (**Doc. 96**) is **DENIED**. The sentence imposed (**Doc. 85**) on November 28, 2022, remains in effect. Once again, the Court recommends

---

[7] Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal prisoners seeking relief under § 2255 have a one-year period to file a motion to vacate, set aside, or correct a sentence. *Id.* at § 2255(f). This limitations period runs from the latest of (1) "the date on which the judgment of conviction becomes final," or (2) "the date on which the facts supporting the . . . claims presented could have been discovered through the exercise of due diligence." *Id.* § 2255(f)(1), (4).

    Here, Judgment was entered on November 28, 2022 (**Doc. 85**). That's when Barragan's conviction became final. But the instant motion was mailed on January 10, 2025 (**Doc. 96 at 24**). Thus, these sentence-related habeas issues are outside the timeliness window.

    As for the date in which the facts should be known, they are the same. No doubt, Barragan knew of his pre-sentence confinement conditions before November 28, 2022. The only issue, then, is when Barragan should have known about his ineligibility for FSA time credits. But Barragan does not explain why he was unable to learn this fact for 26 months. Nor could he. After being designated to a BOP facility, this would have been discoverable in that same one-year period—meaning this claim is also time-barred.

that Immigration and Customs Enforcement begin removal proceedings during service of sentence. *See id.* **at 2**.

(2) To the extent Barragan's compassionate release motion can be construed[8] as raising habeas claims under § 2255, that motion is **DISMISSED without prejudice** as procedurally barred and time-barred. A certificate of appealability as to this ruling is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED**.

/s/
_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE

---

[8] The Tenth Circuit has repeatedly instructed district courts to treat compassionate release motions as § 2255 petitions if they attack a conviction or sentence. *See, e.g., United States v. Jefferson*, 2023 U.S. App. LEXIS 22736, at *2 (10th Cir. Aug. 29, 2023) (unpublished) (Matheson, J.); *United States v. Williams*, 2023 U.S. App. LEXIS 22919, at *1 (10th Cir. Aug. 30, 2023) (unpublished); *United States v. Roberson*, 2024 U.S. App. LEXIS 3534, at *3–4 (10th Cir. Feb. 15, 2024) (unpublished) (Baldock, J.); *United States v. Elliott*, 2024 U.S. App. LEXIS 22674, at *5–6 (10th Cir. Sept. 6, 2024) (unpublished) (Phillips, J.); *United States v. Davis*, 2024 U.S. App. LEXIS 25013, at *2–3 (10th Cir. Oct. 3, 2024) (unpublished) (Kelly, J.). In so doing, this Court must apply § 2255's statutory restrains. *Wesley*, 60 F.4th at 1288. That is the very purpose of *supra* ¶ II.